IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATACHE D. RINEGARD-GUIRMA,<br><br>    Appellant,<br>    v.<br><br>P.H.H. MORTGAGE CORP. and U.S. BANK NATIONAL ASSOCIATION, as Trustee Under the Pooling and Servicing Agreement Dated as of August 1, 2006, GSAMP Trust 2006-HE5,<br><br>    Appellees. | Case No.: 3:23-cv-01343-AN (lead)<br>3:23-cv-01344-AN<br>(consolidated)<br><br>OPINION AND ORDER |

Appellant Natache D. Rinegard-Guirma filed two appeals from proceedings in the U.S. Bankruptcy Court for the District of Oregon. Both appeals appear to relate to the bankruptcy court's decisions to grant appellees P.H.H. Mortgage Corporation and U.S. Bank National Association's (collectively, "appellees") Motion for Relief from Stay, deny appellant's objections and Motion to Disallow, deny appellant's Motion to Alter or Amend Order and Memorandum Decision, and deny appellant's Motion for Order to Show Cause. Appellant filed a Request to Preserve the Status Quo, ECF [20], in both appeal cases, which this Court interprets as a Motion for Stay. Appellees oppose the motion. For the foregoing reasons, appellant's motion is DENIED.

## LEGAL STANDARD

A motion for stay of a bankruptcy court's order pending appeal lies in the discretion of the district court. *WCI Cable, Inc. v. Alaska R.R. Corp.*, 285 B.R. 476, 478 (D. Or. 2002). The standard for assessing a motion for stay in this context is similar to that of a preliminary injunction. *Id.* That is, the court must consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparable harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). Although the first two factors are the most important, failure on any one factor warrants denial of the motion. *See In re Data Systems, Inc.*, No. 3:16-cv-02346,

No. 16-30477-rld11, 2017 WL 325828, at *3 (D. Or. Jan. 23, 2017). Similar to a preliminary injunction, a stay pending an appeal "is an extraordinary remedy" that requires the court to "examine the factors with obligatory restraint." *In re Rivera*, No. 5:15-cv-04403-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015).

## BACKGROUND

The record presently before the Court is sparse, but it appears that appellant is appealing from numerous orders by the Bankruptcy Court. As best the Court can glean, all of the orders that appellant appeals from stem from appellees' Motion for Relief from Stay. In the motion, appellees sought relief from the automatic stay to file a renewal of a General Judgment of Foreclosure that was allegedly previously entered in the Multnomah County Circuit Court on October 13, 2013. Relief from Stay at 9, *In re Natache D. Rinegard-Guirma*, No. 22-31651-dwh13 (Bankr. D. Or. July 12, 2023). The General Judgment had foreclosed on the loan and property that was the subject of a dispute between the appellees and appellant that is unrelated to the bankruptcy proceedings. *Id.* The property had already been sold at an execution sale and title was transferred pursuant to a Sheriff's Deed. *Id.* However, appellant refused to vacate the property and appellees sought relief from the stay to file a certificate of extension of the judgment to extend the life of the judgment for an additional ten years, which would also permit appellees to file for a motion for writ of assistance in the Multnomah County Circuit Court. *Id.* at 9-10. Additionally, appellees sought *in rem* relief from the automatic stay, asking the Bankruptcy Court to deny appellant the benefit of any automatic stay for the next two years. *Id.* at 10-11.

On September 6, 2023, the Bankruptcy Court granted in part via minute order appellees' Motion for Relief from Stay. Minute Order/Record of Proceeding for Hearing at 1, *In re Natache D. Rinegard-Guirma*, No.22-31651-dwh13 (Bankr. D. Or. Sept. 6, 2023). Appellant promptly filed an appeal on September 12, 2023; however, the bankruptcy court did not enter the Amended Order memorializing its decision until October 30, 2023. Amended Order, *In re Natache D. Rinegard-Guirma*, No. 22-31651-dwh13 (Bankr. D. Or. Oct. 30, 2023). The Amended Order granted appellees relief from the automatic

bankruptcy stay "to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law." *Id.* at 4. Appellees' *in rem* relief request was denied. *Id.*

Appellant also file a motion to stay pending appeal in the Bankruptcy Court, which was denied on September 25, 2023. Motion to Stay Pending Appeal, *In re Natache D. Rinegard-Guirma*, No. 22-31651-dwh13 (Bankr. D. Or. Sept. 8, 2023); Order Denying Motion to Stay Pending Appeal, *In re Natache D. Rinegard-Guirma*, No. 22-31651-dwh13 (Bankr. D. Or. Sept. 25, 2023). In the court's order, it found that appellant was "unlikely to succeed on appeal," and the court "d[id] not consider any of the issues to be close questions." *Id.* at 3. The court also found that appellant had not made a showing that she would suffer irreparable harm in the absence of a stay, and that any harm to appellees would be merely incidental to the litigation. *Id.* at 3-4. Finally, the court found that, as a two-party, private dispute, the case did not affect the public interest. *Id.* at 4.

Appellant subsequently filed the Request to Preserve the Status Quo in this Court on November 8, 2023, which this Court construes as a Motion for Stay.

## DISCUSSION

As an initial matter, it is unclear from appellant's motion precisely which orders or judgments she wishes to be stayed pending this appeal. Appellant's motion states, "[I]t would greatly prejudice [appellant] to have a separate entity requesting relief in this matter prior to further investigation and discovery on appeal." Request to Preserve the Status Quo, ECF [20], at 1. Further, she states that preserving the status quo "is essential to judicial fairness and impartiality." *Id.* These conclusory statements are insufficient to establish a likelihood of success on the merits, let alone the other factors relevant to this motion for stay. Although filings by *pro se* litigants must be construed liberally and afforded "the benefit of any doubt," *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), this Court "lacks the power to act as a party's lawyer, even for *pro se* litigants," *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). In short, appellant has provided no argument or basis warranting a stay of the bankruptcy proceedings during the pendency of this appeal, and this Court is without power to look beyond appellant's pleadings to find such a basis.

## CONCLUSION

Accordingly, appellant's Request to Preserve the Status Quo, ECF [20] in Case No. 3:23-cv-01343-AN and ECF [20] in Case No. 3:23-cv-01344-AN, is DENIED.

IT IS SO ORDERED.

DATED this 5th day of December, 2023.

Adrienne Nelson
United States District Judge