IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATACHE D. RINEGARD-GUIRMA,<br><br>    Appellant,<br>  v.<br><br>P.H.H. MORTGAGE CORP. and U.S. BANK NATIONAL ASSOCIATION, as Trustee Under the Pooling and Servicing Agreement Dated as of August 1, 2006, GSAMP Trust 2006-HE5,<br><br>    Appellees. | Case Nos.: 3:23-cv-01343-AN (lead)<br>     3:23-cv-01344-AN (consolidated)<br><br>OPINION AND ORDER |

    This consolidated appeal arises from orders entered by the United States Bankruptcy Court for the District of Oregon in Case Nos. 22-31651-dwh13 ("Appeal One") and 12-38341-dwh7 ("Appeal Two"). For the following reasons, the bankruptcy court's decision in Case No. 22-31651-dwh13 and the bankruptcy court's decision in Case No. 12-38341-dwh7 are AFFIRMED.

## LEGAL STANDARD

    Under 28 U.S.C. § 158(a)(1), this Court retains jurisdiction to hear appeals from "final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." Generally, when reviewing a bankruptcy court's decision, the district court reviews findings of fact "under the clearly erroneous standard, and conclusions of law, *de novo*." *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010) (quoting *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990)).

    A bankruptcy court's decision to deny a motion to amend a judgment or order is reviewed for an abuse of discretion. *In re Burnett*, 306 B.R. 313, 317 (9th Cir. 2004). "A bankruptcy court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.*

## BACKGROUND

This consolidated appeal arises from two separate bankruptcy court proceedings. Appeal One originated as a Chapter 7 bankruptcy proceeding but was later converted to a Chapter 13 bankruptcy proceeding. Appeal Two was a Chapter 7 bankruptcy proceeding in which appellant received a discharge in 2013.

At the outset, it is not entirely clear what, precisely, appellant is appealing. The Notices of Appeal state that, with regard to Appeal Two, appellant is appealing from a "Motion for Order to Show Cause," and, with regard to Appeal One, appellant is appealing from "Relief from Stay, Motion Automatic Stay Terminated, Injunction Inapplicable, Motion to Alter." Both notices list the date of the judgment, order, or decree as September 6, 2023. Despite the numerous motions listed on the notices of appeal, appellant's opening brief states that only two issues are presented on appeal:

> "1. Did the re-commencement and continuation of lawsuit in Multnomah County Circuit Court for the State of Oregon; case 3111216030; filed December 7th, 2011; decided September 16th, 2013; entered and filed IN REGISTER CDR on October 1st, 2013 violate Ms. Guirma's Discharge Injunction in case #12-38341 obtained February 26th, 2013 under Federal Bankruptcy Laws?
> "2. Did the United States Bankruptcy Court overlook and/or misinterpret facts and evidence presented for trial held 7.26.23 that may have clouded reasoning causing an error in a conclusion decided by the Court?"[1]

Appellant's Opening Br., ECF [29], at 2.

Based on appellant's appeal briefing, the Court understands her to be appealing two orders. The first, in Appeal One, is the bankruptcy court's September 6, 2023 order denying appellant's Motion to Alter or Amend Order and Memorandum Decision, which asked the court to amend its August 4, 2023 Memorandum Decision on appellees' Motion for Order Declaring Automatic Stay Terminated and Discharge Injunction Inapplicable and appellant's Motion to Enforce the Automatic Stay. The second, in Appeal Two, is the court's September 6, 2023 denial of appellant's Motion for Order to Show Cause. Before

---

[1] It is unclear to the Court what relevancy July 26, 2023 has in this appeal. On that date, the bankruptcy court entered a minute order regarding a hearing that was held on appellees "Motion to Quash Subpoenas and Motion for Protective Order." This motion is not referenced in appellant's appeal briefing, nor is it, or the July 26, 2023 date, referenced in appellant's notices of appeal. Based on the remainder of appellant's briefing and her notices of appeal, the Court presumes she intended to reference the September 6, 2023 hearing.

addressing the details of these motions and orders, a brief summary of the facts leading up to these bankruptcy proceedings is necessary.

A.      **Factual Background**

In June of 2006, appellant entered into a note and deed of trust for real property (the "Property"). Appellees' Resp. Br., ECF [38], at 6. In 2007, appellant defaulted on her payments for the mortgage note. *Id.* On December 7, 2011, appellee U.S. Bank National Association ("U.S. Bank."), in its capacity as trustee, initiated a judicial foreclosure action in Multnomah County Circuit Court (the "Foreclosure Action") to obtain possession of the Property. *U.S. Bank Nat'l Ass'n as Trustee v. Natache D. Riengard-Guirma et al.*, No. 111216030 (Multnomah Cnty. 2011). On November 5, 2012, appellant filed for Chapter 7 bankruptcy in Case No. 12-38341-dwh7. She received a Chapter 7 discharge on February 26, 2013. Doc. 43, No. 12-38341-dwh7 (Bankr. D. Or. Feb. 26, 2013). On April 30, 2013, U.S. Bank obtained relief from the automatic bankruptcy stay with regard to the Property so that it could proceed with the Foreclosure Action. Doc. 69, No. 12-38341-dwh7 (Bankr. D. Or. Apr. 30, 2013). U.S. Bank prevailed at trial in the Foreclosure Action in August of 2013. Appellees' Resp. Br. 9. On September 5, 2013, appellant filed a motion for order to show cause and impose sanctions in Case No. 12-38341, arguing that the proposed general judgment in the Foreclosure Action referred to her as a "judgment debtor" in violation of the discharge injunction. Doc. 98, No. 12-38341-dwh7 (Bankr. D. Or. Feb. 26, 2013). On September 16, 2013, a general judgment of foreclosure ("Foreclosure Judgment") was entered in the Foreclosure Action. In relevant part, that judgment stated:

> "The interest of each of the Defendants and all persons claiming through or under them either as purchasers, encumbrancers, or otherwise are forever foreclosed of all interest or claim in the Property, except any statutory right of redemption that such Defendants may have in the Property as provided by Oregon law.
>
> "All of the rights, title and interest that defendant NATACHE D. RINEGARD-GUIRMA had as of the date of the Deed of Trust or thereafter acquired in the subject property, commonly known as 5731 NE 10th Avenue, Portland, Oregon 97211, is hereby ordered to be sold by the Multnomah County Sheriff's Office in accordance with the process for sale upon execution, and the proceeds of sale shall be applied: first to the costs of sale; second to satisfaction of the Amount Due Plaintiff as determined in Paragraph 8, below ("Amount Due Plaintiff"); with the surplus, if any, to the Defendants in the priority as their interest may appear or to the clerk of the court to distribute to such party or parties as may establish

their right thereto. In the event the proceeds of sale are insufficient to pay the Amount Due Plaintiff, Plaintiff shall not be entitled to any further or other judgment, including a judgment for the deficiency.

"Plaintiff or any other party to this suit may become the purchaser at the sale of the real property. Plaintiff may credit bid up to the Amount Due Plaintiff, plus interest and any costs of sale advances by Plaintiff from the date of judgment until sale. The purchaser is entitled to exclusive and immediate possession of the Property from and after the date of sale and is entitled to such remedies as are available at law or in equity to secure possession. The purchaser at the sale may apply to the Court for a writ of assistance if Defendants, or any of them, or any other party or person, shall refuse to surrender possession to the purchaser immediately on the purchaser's demand for possession."

Doc. 190, Ex. H, at 2-3, No. 22-31651-dwh13 (Bankr. D. Or. Aug. 17, 2023).

On January 13, 2014, appellant's motion in bankruptcy court was denied, with the bankruptcy court concluding that the general judgment did not violate the discharge injunction. Doc. 126, No. 12-38341-dwh7 (Bankr. D. Or. Jan. 13, 2014). The Foreclosure Judgment was affirmed on appeal on November 4, 2015. *U.S. Bank Nat'l Ass'n v. Rinegard-Guirma*, 274 Or. App. 722, 364 P.3d 755 (2015), *rev. den.* 359 Or. 525, 379 P.3d 520 (2016).

In August of 2018, appellant filed a motion to vacate the Foreclosure Judgment. Doc. 190, Ex. B, at 18, No. 22-31651-dwh13 (Bankr. D. Or. Aug. 17, 2023). That motion was denied on December 4, 2018. *Id.* at 19. On December 10, 2018, appellant recorded a quitclaim deed dated November 9, 2018 with Multnomah County that conveyed her interest in the Property to numerous individuals collectively identified as the "Okumu Family Trust." Doc. 123, Ex. 1, No. 22-31651-dwh13 (Bankr. D. Or. July 20, 2023). On December 11, 2018, the Property was sold at an execution sale. Doc. 190, Ex. W, at 2, No. 22-3151-dwh13 (Bankr. D. Or. Aug. 17, 2023). U.S. Bank was the purchaser at the sale. *Id.* On June 13, 2019, after the period for redemption expired, the Multnomah County Sheriff's Office issued a Sheriff's Deed, formally transferring ownership of the Property to U.S. Bank. *Id.* at 3. That deed was recorded on June 21, 2019. *Id.* at 1.

However, appellant would not vacate the Property, and the Trust initiated an eviction action in Multnomah County Circuit Court. *U.S. Bank Nat'l Ass'n as Trustee v. Natache D. Rinegard-Guirma*, Case No. 19LT07850 (Multnomah Cnty. June 3, 2019). On August 4, 2020, the court entered a Notice of

Restitution and set a deadline for appellant to vacate the Property by August 23, 2020. Doc. 190, Ex. U, at 9, No. 22-3151-dwh13 (Bankr. D. Or. Aug. 17, 2023). Appellant did not vacate the Property, so the Trust sought a Writ of Assistance in the initial foreclosure action. *Id.* The writ was issued on November 13, 2020, and appellant was removed from the Property by the Sheriff's Office. *Id.* at 10; Appellees' Resp. Br. 20. However, appellant returned to the Property and remains in possession at this time. Appellees' Resp. Br. 20.

A.  **Case No. 22-31651 Appeal**

Appellant's Motion to Alter or Amend Order and Memorandum Decision was filed in Case No. 22-31561 on August 14, 2023 in response to the bankruptcy court's memorandum decision on appellees' Motion for Order Declaring Automatic Stay Terminated and Discharge Injunction Inapplicable and appellee's Notice of Motion of Debtor to Enforce the Automatic Stay. Doc. 182, Case No. 22-31561-dwh13 (Bankr. D. Or. Aug. 14, 2023). Appellees' motion asked the bankruptcy court, pursuant to 11 U.S.C. §§ 524 and 362(c), (j), to issue an order declaring that the automatic stay in place due to the bankruptcy proceedings, and the discharge injunction,[2] were terminated and inapplicable to (1) the enforcement of the Foreclosure Judgment, (2) appellees', their attorneys, or their successors in interest, efforts to defend against and seek appropriate sanctions against appellant with regard to any legal filings made by her following her bankruptcy discharge in the case, and (3) appellees' efforts to make full use and possession of the Property, including, but not limited to, appellees' efforts to remove appellant and her personal possessions from the Property, or pursuing sanctions, criminal charges, and civil claims against appellant concerning her possession and refusal to relinquish the Property. Doc. 160, No. 22-31561-dwh13 (Bankr. D. Or. Aug. 4, 2023). Appellant filed her own motion to enforce the stay, and the bankruptcy court's memorandum opinion addressed both motions. *Id.*

The bankruptcy court considered each of appellees' three requests and determined that only

---

[2] Prior to bringing the motion, appellant had received a Chapter 7 discharge in the case. However, she later converted the case to a Chapter 13 bankruptcy, and the court vacated the chapter 7 discharge. Thus, the court's analysis of the motion deemed the "discharge injunction" issue moot.

a portion of the third proposed act would, under certain conditions, not violate the stay. *Id.* at 2. Otherwise, the court denied both motions in full. *Id.* Appellant's motion to alter asked the court to alter or amend section IV.D.3.b of the memorandum opinion, which stated:

> "The bank would not violate the stay by pursuing against Guirma sanctions, criminal charges, or civil claims for possessing the property after the petition date or for refusing to relinquish possession of the property after the petition date—as long as the sanction, charge, or claim is based on postpetition acts and constitutes neither continuation of a prepetition action against her or enforcement against her of a prepetition judgment."

*Id.* at 13-14. Appellant's motion also asked the Court to amend section IV.D.1.a, specifically the portion stating:

> "Here, because the bank acquired the property at the prepetition sheriff's sale, the property isn't estate property. Because Guirma's deed of the property was after entry of the foreclosure judgment, which foreclosed her interest in the property, the deed had no effect on the sheriff's ability to convey title to the bank."

*Id.* at 10. Appellant argued that she was, and is, the lawful owner in lawful possession of the Property due to the Okumu Family Trust Deed that was recorded in December of 2018—thus, the sheriff deed record in June of 2019 did not, in her view, convey actual title to the Property. Doc. 182, No. 22-31561-dwh13 (Bankr. D. Or. Aug. 14, 2023).

On September 6, 2023, the bankruptcy court denied appellant's motion to alter or amend the memorandum decision in a minute order. Doc. 210, No. 22-31561-dwh13 (Bankr. D. Or. Sept. 6, 2023).

**B.    Case No. 12-38341 Appeal**

On August 18, 2023, appellant filed a motion for order to show cause in Case No. 12-38341. Doc. 167, No. 12-38341-dwh7 (Aug. 18, 2023). In relevant part, appellant asked the court to hold appellees in contempt for "willful violation of 11 [U.S.C. §] 524" and enjoin them from taking further action against appellant, "personal property of Okumu Family Trust, and Real Property in possession of with legal title Okumu Family Trust and Ms. Guirma." *Id.* at 1. Appellant argued that the Foreclosure Judgment was obtained "in violation of [her] February 26th, 2013 Discharge Injunction" because it listed her as a defendant and the purpose of the action was "to foreclose on a loan that had been discharged under federal bankruptcy laws in violation of [appellant's] Discharge Injunction." *Id.* at 2-3. In essence, appellant argued

6

that the general judgment sought to hold her personally liable for the amount due under the mortgage note in violation of 11 U.S.C. § 524. *Id.* at 3. Thus, appellant argued that the Foreclosure Judgment should be rendered null and void for violating federal bankruptcy laws, and that appellees should be held in contempt for willfully violating the discharge injunction. *Id.* at 6.

Appellees responded to the motion, arguing that the mere form of the judgment did not suggest that appellant was personally liable for any debt, and reiterating that they had no intention of pursuing a debt collection attempt against appellant. Doc. 171, at 6-7, No. 12-38341-dwh7 (Bankr. D. Or. Sept. 1, 2023). On September 6, 2023, the bankruptcy court denied the motion in a minute order. Doc. 172, No. 12-38341-dwh7 (Bankr. D. Or. Sept. 6, 2023).

## DISCUSSION

### A.    Motion to Change or Transfer Venue

Prior to addressing appellant's bankruptcy appeals, the Court must first address her motion to change or transfer venue. Appellant asks this Court to transfer this appeal to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1412. However, 28 U.S.C. § 158(a) states, "an appeal under this subsection shall be taken *only* to the district court for the judicial district in which the bankruptcy judge is serving." Indeed, "Section 1412 is typically used to transfer a case to another district so that the case may be referred to that district's bankruptcy court." *EnSource Invs. LLC v. Tatham*, No. 3:17-cv-00079-H-JMA, 2017 WL 3923784, at *3 (S.D. Cal. Sept. 7, 2017). Plaintiff provides no support for the proposition that 28 U.S.C. § 1412 may be used to transfer a bankruptcy *appeal* to a different venue, particularly in light of the express language of 28 U.S.C. § 158(a). Even if such a transfer were permissible, doing so would not be in the interest of justice. Accordingly, plaintiff's motion to change or transfer venue is denied.

### B.    Case No. 22-31651 Appeal

In Appeal One, appellant argues that the bankruptcy court's memorandum opinion incorrectly stated that the Foreclosure Judgment foreclosed her interest in the property, thus making the subsequent Okumu Family Trust Deed recorded in 2018 ineffective on the sheriff's ability to convey title

7

to the bank. Appellant argues that a foreclosure judgment extinguishes only the deed, not a homeowner's right of ownership. Appellant misunderstands the proper application of the law.

While it is true that the foreclosure judgment did not divest her of all title in the Property, it does not stand to reason that, even if valid, the Okumu Family Trust Deed would operate to invalidate the execution sale and subsequent Sheriff's Deed. As stated by the Oregon Supreme Court, "If the judgment debtor conveys his or her interest '*after* a judgment becomes a lien on the property,' whether the conveyance occurs before or after the sale of the property on execution, the successor in interest takes title to the property *subject to such liens*." *Franklin v. Spencer*, 309 Or. 476, 487, 789 P.2d 643 (1990) (emphasis added). Appellant does not dispute that her purported transfer of her interest in the Property occurred after the Foreclosure Judgment was entered. Thus, the judgment lien created by the Foreclosure Judgment would remain attached to the Property even if a valid transfer occurred.

Although appellant also argues that Oregon Revised Statute ("ORS") § 18.150(5) barred the judgment lien from attaching to the Property, she is incorrect. That statute states, "A judgment lien does not attach to any real property of a judgment debtor acquired after the debt giving rise to the judgment is discharged under federal bankruptcy laws." That provision affirms that a judgment lien does not attach to real property that is acquired *after* the debt giving rise to the judgment is discharged in a bankruptcy proceeding. The Property at issue in this case was not acquired after appellant's 2013 discharge. Thus, the judgment lien attached to the Property and does not run afoul of ORS § 18.150(5).

Consequently, appellees retained the right to seek a writ of execution to sell the Property for the purpose of fulfilling the debt owed under the judgment lien. Once the Property was sold at the execution sale, "[t]he purchaser of real property . . . is entitled to possession of the property from the date of sale until a redemption of the property, if any." Or. Rev. Stat. § 18.946(1)(a). Although "[t]he title of a judgment debtor or mortgagor to real property that is subject to redemption under ORS [§§] 18.960 to 18.985 is not transferred by the sale of the property at an execution sale[,]" *id.* § 18.952, "the ability of a judgment debtor to redeem property sold at an execution sale expires unless the judgment debtor redeems

the property within 180 days after the date of sale," *id.* § 18.964.[3]  Put another way, for 180 days after the execution sale of the Property, appellant, or her successor in interest, held "'legal title' to the property in the form of a right to redeem." *Franklin*, 309 Or. at 479-80.  Given that it is undisputed that neither appellant, nor anyone else, ever exercised the statutory right of redemption, the Sheriff's Deed recorded in June of 2019 is a valid conveyance vesting absolute title in the purchaser at the execution sale.  *See id.* at 483-84 ("The purchaser is not entitled to an 'absolute' title until the deed of conveyance."); *Maas v. Bolinger*, 261 Or. 23, 27, 492 P.2d 276 (1971) (" [T]he plaintiff, as the purchaser at the sale, acquired an equitable estate in the property, which estate will ripen into legal title if not redeemed within the statutory period.  The debtor retains the legal title subject to losing it to the purchaser if the debtor fails to redeem.").  Here, U.S. Bank was the purchaser at the execution sale.  Accordingly, the bankruptcy court correctly found that "the deed had no effect on the sheriff's ability to convey title to the bank," and it did not err by denying appellant's motion to amend the memorandum opinion.

**C.    Case No. 12-38341 Appeal**

In Appeal Two, appellant argues that in obtaining the foreclosure judgment, appellees willfully violated 11 U.S.C. § 524(a)(1) and (2) by seeking a monetary award against her after her 2013 bankruptcy discharge injunction.  Again, appellant misunderstands the applicable law.

11 U.S.C. § 524(a)(1) provides that a bankruptcy discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal liability* of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived."  Section (2) provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any such debt as a *personal liability* of the debtor, whether or not discharge of such debt is waived[.]"

Appellant focuses on the fact that the initial summons and complaint in the Foreclosure

---

[3] References to "judgment debtors" include "mortgagor[s] whose interest in the property that was sold at the execution sale and any successor in interest to such a mortgagor[.]"  Or. Rev. Stat. § 18.963(2)(a).

9

Action named her as a defendant "being held personally liable on a promissory note that is listed no fewer than nineteen times throughout the complaint." Appellant's Opening Br. 5. What appellant fails to acknowledge is that appellees' Second Amended Complaint, which was filed in the Foreclosure Action in June of 2013, after appellant received her bankruptcy discharge, neither mentions nor seeks a deficiency judgment against appellant. Nor does she acknowledge the plain language of the Foreclosure Judgment: "In the event the proceeds of sale are insufficient to pay the Amount Due Plaintiff, Plaintiff shall not be entitled to any further or other judgment, including a judgment for the deficiency." On the face of the judgment, appellant cannot be held personally liable for the amount due under the judgment lien. Put simply, there is no evidence that by recommencing the foreclosure action and obtaining the Foreclosure Judgment, appellees violated 11 U.S.C. § 524(a)(1) or (2). The bankruptcy court's decision denying appellant's motion for order to show cause was correct.

## CONCLUSION

Accordingly, appellant's Motion to Change or Transfer Venue, ECF [39], is DENIED. The bankruptcy court's decision in Case No. 22-31651 (District Case No. 3:23-cv-01343) to deny appellant's Motion to Alter or Amend Memorandum Decision is AFFIRMED. The bankruptcy court's decision in Case No. 12-38341 (District Case No. 3:23-cv-01344) to deny appellant's Motion for Order to Show Cause is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of May, 2024.

_____
Adrienne Nelson
United States District Judge